UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES DARYL WEST,

    Plaintiff,

v.                              Case No: 2:16-cv-694-FtM-38CM

RONALD HEMPHILL, CARMELLO
BERRIOS, KAREN BLANKENSHIP,
H. WETTERER, B. LAROSA,
ROBERT GILBREATH, FNU
SCHULTZ, DIANN SPRATT, JULIE
JONES, WEXFORD HEALTH
SOURCES, KATHY CONNER, K.
WILLIAMS and JAMES LICATA,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff James Daryl West's Motion for Emergency Telephonic Hearing Construed as a Motion for a Preliminary Injunction (Doc. #24), filed on July 18, 2017.

## **BACKGROUND**

West filed an Amended Complaint (Doc. #21) on May 15, 2017, alleging violations of his Eighth Amendment rights to be free from cruel and unusual punishment due to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

deliberate indifference of his medical needs. West alleges that Defendants' deliberate indifference to his medical needs has caused damage to his lower back, right knee, and right foot.

West alleges that he was in a bus accident while being transferred by the FDOC. Since that accident, West alleges that he has suffered from chronic pain in his lower back, right knee and right ankle. ([Doc. #21 at ¶ 46-47](Doc. #21 at ¶ 46-47)). On October 14, 2014, Defendant Dr. Ronald Hemphill, chief medical officer at Charlotte Correctional Institution (CCI) diagnosed West with chronic pain. However, Dr. Hemphill refused West's requests for a consultation with a specialist and further testing.

On June 11, 2015, at 6:00am West utilized a sick call due to the pain in his lower back, right knee, and right foot. West was immediately seen by Nurse Campbell who, after examining him, placed him on morning call out so he could be seen by Dr. Carmello Berrios, Chief Medical Officer at CCI at that time. Nurse Campbell issued West a cane and gave him a bedrest pass.

After seeing Dr. Berrios, West was given medical passes restricting his activities to light duty. West asked Dr. Berrios to call Mr. Gilbreath, food services director, to excuse him from food services duty. Dr. Berrios refused West's request. West then asked Dr. Berrios to call his medical grade officer, Mr. Brock, and have his medical grade changed. Again, Dr. Berrios refused. Dr. Berrios further refused to order any more x-rays or recommend West to an orthopedic specialist. Dr. Berrios informed West that further care was out of the question.

On June 25, 2015, West was seen by ARPN Karen Blankenship. ARNP Blankenship confirmed Dr. Berrios' diagnosis of osteoarthritis, degenerative joint disease,

and chronic pain. However, ARNP Blankenship refused to recommend West to a specialist or order additional testing. ARNP Blankenship refused to write West a no food service pass and gave him Motrin for his pain. On June 27, 2015, West says he was injured working food service and was again seen by ARNP Blankenship on June 29, 2015. After examining West, Blankenship said there was nothing wrong with him and could find no documentation of any injury to West on June 27, 2015. ARNP Blankenship directed West to return to work or she would recommend confinement for his lying to the staff.

On August 13, 2015, West was on sick call for chronic pain and having trouble walking. West was seen by Dr. H. Wetter at CCI. Dr. Wetter told West he could hear cracking and popping in his right knee and noticed his right leg was smaller than his left leg. Dr. Wetter reviewed the three radiologists' reports and found there was no change in the right knee. Dr. Wetter told West that people live every day without a meniscus and even commented that he did not have one. Dr. Wetter also denied West's request to see a specialist.

On June 27, 2015, West saw Registered Nurse (RN) LaRosa after he claims he was injured while working food service. RN LaRosa wrote West a bedrest pass until he could see Dr. Berrios on the following Monday, June 29, 2015. On August 13, 2015, West again saw RN LaRosa alleging chronic pain and complaining that he was having trouble walking. RN LaRosa removed West's ace bandage and examined his right knee. She told West she could not hear any popping in the knee and advised the Ace bandage was wound too tight and removed it. RN LaRosa told West there was nothing wrong with him and refused to order an MRI.

On Friday June 2, 2017, West says that he slipped and fell on a slippery sidewalk as he walked to get lunch. West says the soles of his orthopedic shoes have been worn thin by age and caused him to slip and fall. West says he spoke to the warden about the shoes who told him he would send an e-mail about the shoes. West fell again on June 12, 2017. West requested a sick call but alleges it took nine days before he saw Nurse Raquel Santos. West told Nurse Santos that his shoes were worn out and that caused him to slip and fall. Nurse Santos refused to examine West's knee noting there was no redness. Nurse Santos told West there was nothing wrong with him.

West is currently housed in the Everglades Correctional Institution (ECI). Jance Hill, the Health Services Administrator, at ECI, Dr. Oscar Ortega, the chief medical officer at ECI, and Nurse Santos, the sick call nurse at ECI, have all denied West's request for orthopedic shoes. All three of the above ECI medical personnel have opined nothing is wrong with West and that he does not medically qualify for orthopedic shoes. West moves the Court for an order directing the DOC to provide him with a new pair of orthopedic shoes.

## DISCUSSION

West argues Defendants are violating his Eighth Amendment rights by deliberate and calloused indifference to his medical needs. West moves the Court to issue a preliminary injunction directing Defendants to buy him a pair of orthopedic shoes.

The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Advance Produce, Inc. v. Isadore A. Rapasadi & Sons, Inc.*, No. 8:13-CV-00242-T-30, 2013 WL 593845, at *1 (M.D. Fla. Feb. 14, 2013). Rule 65 of the Federal Rules of Civil Procedure governs the entry of a preliminary injunction. A preliminary

injunction maintains the *status quo* until the court can enter a final decision on the merits. *Jordan v. Def. Fin. & Accounting Servs.*, No. 8:15-CV-391-T-36TBM, 2015 WL 6166578, at *5 (M.D. Fla. Oct. 20, 2015) (citing *Bloedorn v. Grube,* 631 F.3d 1218, 1229 (11th Cir.2011)). A party seeking entry of a preliminary injunction must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. The entry of a preliminary injunction is "the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore,* 234 F.3d 1163, 1179 (11th Cir.2000) (quoting *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir.1975)); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1210 (11th Cir.2003) (citations omitted) (holding since a preliminary injunction is an extraordinary and drastic remedy, a district court should not issue a preliminary injunction unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites). A plaintiff may support its motion for a preliminary injunction by setting forth allegations of specific facts in affidavits. M.D. Fla. R. 4.06(b)(2), 4.06(b)(3). In considering a motion for preliminary injunctive relief, a district court may rely on affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction. *Jordan,* 2015 WL 6166578, at *5 (citing *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.,* 51 F.3d 982, 985 (11th Cir.1995)). With these standards in mind, the Court will address West's Motion.

### *(1) Substantial Likelihood of Success on the Merits*

West claims he has demonstrated a consistent pattern of deliberate indifference, and willful and wanton abuse of authority to his serious medical needs. West's position lacks merit. For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *[Palazon v. Sec'y for Dep't of Corr.,](...) [361 F. App'x 88, 89 (11th Cir. 2010)](...)* (quoting *[Harris v. Thigpen,](...) [941 F.2d 1495, 1505 (11th Cir.1991)](...)* (citations omitted). A medical need may be considered serious if a delay in treating it makes it worse. *[Danley v. Allen,](...) [540 F.3d 1298, 1310 (11th Cir.2008)](...)*. To show deliberate indifference to a serious medical need, a plaintiff must demonstrate that defendants' response to the need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *[Palazon,](...) [361 F. App'x at 89](...)* (quoting *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir.2000) (citation and internal quotations omitted).

West made clear in his Amended Complaint and the instant Motion that he has seen numerous doctors and nurses regarding the pain in his knee and right foot. He has been given Motrin or similar pain killers and provided bedrest passes and reduced activity passes to reduce his work load. Doctors and nurses at more than one correctional institution have also opined nothing is wrong with West. Staff members have even threatened to place West in confinement because he has been untruthful to medical staff regarding his knee and foot pain. The record demonstrates that anytime West complained of discomfort or pain he was provided with prompt access to medical care.

Further, while West argues that a new pair of orthopedic shoes is the best treatment, a difference of opinion with medical staff about the proper course of treatment does not support a claim for deliberate indifference. *Price v. Cameron*, No. 2:10-CV-578-FTM-99, 2012 WL 3536795, at *6 (M.D. Fla. Aug. 14, 2012); (citing *Palazon v. Sec'y Dep't of Corr.,* 361 F. App'x 88, 89 (11th Cir.2010) (quoting *Adams v. Poag,* 61 F.3d 1537, 1545 (11th Cir.1995)(whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); *Harris,* 941 F.2d at 1505 (a difference of medical opinion between the prison's medical staff and the inmate about the latter's course of treatment will not support a claim of cruel and unusual punishment).

In this instance, the care West received at three correctional institutions was adequate and not so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Thus, West has failed to establish a substantial likelihood of success on the merits of his claim.

(2) *Substantial Threat of Irreparable Injury*

West argues he must receive additional testing and orthopedic shoes to avoid additional injuries. A showing of irreparable injury is "'the *sine qua non* of injunctive relief.'" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir.1990) (quoting *Frejlach v. Butler,* 573 F.2d 1026, 1027 (8th Cir.1978)); *see also Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975) ("The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the

absence of its issuance he will suffer irreparable injury."); *Robertson,* 147 F.3d at 1306 (plaintiff must show "irreparable injury will be suffered"); *Harris Corp.,* 691 F.2d at 1356–57 (concluding that district court "did not abuse its discretion in finding a substantial likelihood of irreparable injury to [the plaintiff] absent an injunction"); *Deerfield Med. Ctr. v. City of Deerfield Beach,* 661 F.2d 328, 338 (5th Cir.1981) (to be granted a preliminary injunction plaintiffs must show "a substantial likelihood that they would suffer irreparable injury").

West does not argue the injuries he received will be permanent or irreparable. Further, if his knee pain becomes so severe that the medical personal finds he needs orthopedic shoes then Defendants can purchase him orthopedic shoes. Therefore, West cannot show he has a substantial likelihood of irreparable damages.

## **CONCLUSION**

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Forsyth Cnty. v. U.S. Army Corps of Eng'rs,* 633 F.3d 1032, 1039 (11th Cir.2011) (quoting *ACLU of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.,* 557 F.3d 1177, 1198 (11th Cir.2009)). West has failed to establish a substantial likelihood he would prevail on the merits nor has he set forth he will suffer irreparable harm should he not receive orthopedic shoes. The Court need go no further in its analysis as West has failed on two of the four perquisites to obtain a preliminary injunction. Therefore, West's Motion for a Hearing Construed as a Motion for a Preliminary Injunction is due to be denied.

Accordingly, it is now

**ORDERED:**

James Daryl West's Motion for Emergency Telephonic Hearing Construed as a Motion for a Preliminary Injunction ([Doc. #24](Doc. #24)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of November, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
James Daryl West
All Parties of Record
SA: FTMP-2