UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES DARYL WEST,

    Plaintiff,

v.                                                            Case No:  2:16-cv-694-FtM-38CM

RONALD HEMPHILL, CARMELLO
BERRIOS, KAREN BLANKENSHIP,
H. WETTERER, B. LAROSA,
ROBERT GILBREATH, FNU
SCHULTZ, DIANN SPRATT, JULIE
JONES, WEXFORD HEALTH
SOURCES, KATHY CONNER, K.
WILLIAMS and JAMES LICATA,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff's Motion to Set Aside Opinion and Order (Doc. 40) filed on December 8, 2017.  Plaintiff requests the Court to "recind" [sic] its Opinion and Order issued on November 15, 2017 (Doc. 38), because the Court "overlooked/misapprehended and perhaps misconstrued" Plaintiff's emergency motion as a "preliminary injunction" instead of a "temporary injunction."

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff does not specify upon which Rule he relies in bringing his Motion. Consequently, the Court construes Plaintiff's Motion a seeking relief pursuant to Federal Rule of Civil Procedure 60(b) which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2017). The purpose of Rule 60(b) is to define the specific circumstances under which a party may obtain relief from a final judgment or order. Motions under this rule are directed to the sound discretion of the court. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006); *Mahone v. Ray*, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003); *Weiss v. Warden*, 703 F. App'x 789, 791 (11th Cir. July 24, 2017). Rule 60(b)(6), known as the catch-all provision, requires a party to "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. DelMonte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). Thus, to be entitled to relief under this provision, Plaintiff must show that "absent such relief, an extreme and unexpected hardship will result." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020, (11th Cir. 2001) (internal quotations and citations omitted).

Before considering Plaintiff's Motion for an Emergency Hearing (Doc. 24), the Court directed the Secretary of the Florida Department of Corrections to file an expedited response to the Motion (Doc. 26). Because the Secretary had notice of and an opportunity to respond to Plaintiff's Motion, the Court properly construed Plaintiff's Motion

2

as seeking relief for a preliminary injunction under Fed. R. Civ. P. 65(a) instead of relief for a temporary restraining order under Fed. R. Civ. P. 65(b).[2] Before entering its Opinion and Order, the Court considered Plaintiff's Amended Complaint and Appendix (Docs. 21-22), the Secretary's Response to Plaintiff's Motion and Exhibits A-D (Doc. 33), and Plaintiff's Reply to the Secretary's Response and Exhibit A (Doc. 37). Based upon the record before it, the Court found Plaintiff could not show a substantial likelihood that he would prevail on the merits nor that he would suffer irreparable harm and set forth the factual predicates it relied upon in its November 15, 2017 Order (Doc. 38).

Plaintiff's instant Motion challenges the Court's consideration of Plaintiff's Motion for Emergency Hearings under Rule 65(a) instead of Rule 65(b), and otherwise merely reiterates arguments he already made in his previous filings. Consequently, the Court finds Plaintiff has not articulated a factual basis under one of the grounds for relief enumerated in clauses (b)(1) through (b)(5) set forth above, and has not shown that he is otherwise entitled to the exceptional relief in clause (b)(6).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Set Aside Opinion and Order (Doc. 40), construed as a motion pursuant to Fed. R. Civ. P. 60(b), is **DENIED**.

---

[2] Notably, Fed. R. Civ. P 65(b) permits a party to obtain a temporary restraining order without first providing notice to the opposing party. However, relief under Rule 65(b) is only available where it is clear that notice upon the opposing party is not feasible. Rule 65(b) further limits the duration of such relief to a maximum of twenty-eight (28) days.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of January, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record