UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:  2:16-CV-694-FTM-38CM

JAMES DARYL WEST,

    Plaintiff,

vs.

JULIE L. JONES,
Secretary of the Florida Department of
Corrections;

    Defendants.
_____/

**DEFENDANT'S, HOWARD WETTERER, MD
MOTION TO DISMISS AMENDED COMPLAINT [DE 21]**

COMES NOW, Defendant, HOWARD WETTERER by and through the undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(6) and files this his Motion to Dismiss the Amended Complaint [DE 21] and states the following in support thereof:

**MOTION**

1. The allegations in Plaintiff's Amended Complaint do not state a claim upon which relief can be granted, and therefore the Amended Complaint should be dismissed.

**MEMORANDUM OF LAW**

**I.   INTRODUCTION**

Plaintiff, James Darryl West ("Plaintiff") has filed this lawsuit against Defendant, Howard Wetterer, MD ("Dr. Wetterer") alleging his deliberate indifference as to his healthcare in Charlotte Correctional Institution. Specifically, Plaintiff alleges that on August 13, 2015, Dr. Wetterer physically examined him and reviewed three radiologist reports. [DE 21] at ¶ 83, 89.

Dr. Wetterer allegedly refused to order an MRI and allegedly "explained that the FDOC and Wexfords [sic] customs and policies will not allow specialist consultations or diagnostic testing." Id. at ¶ 89. Dr. Wetterer also allegedly refused to renew the Plaintiff's medication for "Motrin, Prednisone and Pnerenegan [sic] for pain" citing policy. Id. at ¶91. Plaintiff's allegations against Dr. Wetterer do not state a claim upon which relief can be granted and therefore the Amended Complaint should be dismissed.

    II.   Argument

    **A. Plaintiff Fails to State a Cause of Action for Deliberate Indifference.**

"'[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain,' which is prohibited by the Eighth Amendment." Harris v. Leder, 519 Fed.Appx. 590, 595 (11th Cir. 2013) (citing Estelle v. Gamble, 429 U.S. 97, 104, (1976) (internal quotation marks omitted)). "To establish deliberate indifference to a serious medical need, an inmate must show: (1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm (the objective component); and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law (the subjective component)." Harris, 519 Fed.Appx. at 595-96 (internal quotations and citations omitted). "Disagreement over a matter of medical judgment does not constitute cruel and unusual punishment." Id. at 596. "[T]he question of whether governmental actors should have employed additional…forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Id. (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (quoting Estelle, 429 U.S. at 107)).

Additionally, there must be a showing that the acts of the medical defendants were intentional or reckless. Duff v. Prison Health Services, 2011 WL 4542507 at *8 (M.D. Fla. 2011) (citing Farmer v. Brennan, 511 U.S. 825, 833-38 (1994); Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 n. 28 (11th Cir. 1994) (recognizing that the Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law)). "The deliberate indifference standard is a demanding one, and a showing of negligence is never enough, as the Supreme Court has stated that 'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment…'" Duff, 2011 WL 4542507 at *8 (quoting Estelle, 429 U.S. at 104, 106). See also McElligott v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999) (holding that failure to diagnose an inmate's colon cancer did not constitute deliberate indifference, even though it could be deemed extremely negligent).

"In order to properly establish the subjective component of the deliberate indifference analysis, the plaintiff must show that: (1) the defendants subjectively knew that a substantial risk of harm existed, (2) they disregarded that substantial risk, and (3) their conduct in disregarding that risk was more deliberate than mere negligence." Williams v. Arnold, 207 Fed.Appx. 980, 984 (11th Cir. 2006). "To establish the subjective component of deliberate indifference, the plaintiff must essentially show that the defendant intended to punish the plaintiff by depriving the plaintiff of necessary medical care." Id. at 984. "[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989). See also Miller v. Correctional Medical Services, Inc., 2010 WL 3723998 (M.D. Ala. 2010) (dismissing plaintiff's § 1983 claims arising from inmate's death from sepsis due to defendants' failure to properly treat inmate's decubitus ulcers, or bed sores,

on his body; plaintiff's allegations that defendants failed to properly diagnose and treat the inmate, misprescribed medication, failed to provide adequate or timely examinations, appropriate monitoring of medical conditions, appropriate plans of care, assessment of underlying medical conditions, and failed to follow internal policies and protocols for patient records, monitoring and treatment, may show gross negligence or medical malpractice, but did not rise to the level of deliberate indifference); Williams v. Arnold, 207 Fed.Appx. 980, 985 (11th Cir. 2006) (concluding that jail officials' delays in obtaining inmate's prescription medications for inmate's serious medical condition did not constitute deliberate indifference to support § 1983 claim for Eighth Amendment violation); Deese v. City of Jacksonville, 2008 WL 5158289 at *12 (M.D. Fla. 2008) (concluding that defendants' treatment of inmate's sepsis, infected toe, and gangrene, which eventually led to amputation of leg, did not rise to level of deliberate indifference); Lee v. Alachua County, 2011 WL 2580162 (N.D. Fla. 2011) (dismissing inmate's § 1983 claim on grounds that alleged medical treatment of inmate's severe stomach virus did not rise to level of deliberate indifference; the defendants' failure to treat the inmate within the medical department and the nurse's recommendation that the inmate simply stay in bed and drink plenty of water until the virus ran its course did not constitute deliberate indifference—disputes in medical judgment do not rise to the level of deliberate indifference); Schneider v. Parker, 2011 WL 722759 at *4 (M.D. Fla. 2011) (dismissing inmate's § 1983 claim on grounds that alleged medical treatment of inmate's staph infection and delay in such treatment did not rise to level of deliberate indifference; inmate's claim essentially disagreed with course of treatment prescribed and thus, fails to state a viable claim of deliberate indifference to medical care); Kidd v. Maryweather, 2007 WL 2206847 at *6 (M.D. Ala. 2007) (concluding that treatment of inmate's spider bite and resultant staph infection and pneumonia and inmate's contention that he should

have been placed in a medical observation unit and prescribed other antibiotics did not constitute deliberate indifference).

With regard to the subjective analysis of the deliberate indifference claims, Mr. West's allegations, even if assumed to be true for the purposes of this motion, fail to satisfy the subjective component of deliberate indifference. There are no allegations that would indicate that Dr. Wetterer's actions were intended to punish Mr. West or otherwise recklessly or intentionally hurt him.  To the contrary, within Mr. West's own allegations, Dr. Wetterer examined him and reviewed radiology reports. "After incarceration, only the unnecessary and wanton infliction of pain… constitutes cruel and unusual punishment for been by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 citing Ingraham v. Wright, 430 U.S. 651, 670 (1977). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety." Id. at 319. "Accordingly, under [Supreme Court cases] Estelle and Farmer, deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248 (11 Cir. 1999).

Moreover, as to the requisite element of causation, Plaintiff has failed to allege that the Dr. Wetterer's actions actually caused his injuries.  "As with any tort claim, the prisoner must show the injury was caused by the defendant's wrongful conduct." See Clark v. Tucker, 2014 WL 68646 (M.D. Fla. Jan. 8, 2014) 13-CV-2642 citing Goebert v. Lee County, 510 F.3d 1312 (11th Cir. 2007). There is not even an allegation that his degenerative issues worsened through Dr. Wetterer's actions/ inactions.

> **B. A DIFFERENCE OF OPINION WITH MEDICAL STAFF ABOUT THE PROPER COURSE OF TREATMENT DOES NOT SUPPORT A CLAIM FOR DELIBERATE**

**INDIFFERENCE.**

A difference of opinion with medical staff about the proper course of treatment does not support a claim for deliberate indifference. Price v. Cameron, No. 2:10-CV-578-FTM-99, 2012 WL 3536795, at *6 (M.D. Fla. Aug. 14, 2012); (citing Palazon v. Sec'y Dep't of Corr., 361 F. App'x 88, 89 (11th Cir.2010) (quoting Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir.1995)(whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); Harris, 941 F.2d at 1505 (a difference of medical opinion between the prison's medical staff and the inmate about the latter's course of treatment will not support a claim of cruel and unusual punishment).

From Mr. West's own Amended Complaint, it is clear that his claim against Dr. Wetterer is based upon a difference of opinion as to his medical treatment. Mr. West believed he should have been provided and MRI and additional medication. Dr. Wetterer's diagnosis was these were not indicated.

Mr. West characterizes his radiologist reports (attached to his Amended Complaint as Exhibit "G" [DE 22-7]) as showing "insurmountable damage and further decline to the right knee and right foot." [DE 21] at ¶55. To provide some perspective, Dr. Wetterer argues the following: The radiograph of the right knee shows, "There is narrowing and osteophytosis of the medial compartment and patellofemoral joint." [DE 22-7] at p. 2. Said otherwise, he had bone spurs around his knee. "Bone spurs are bony projections that develop along bone edges. . . . Most bone spurs cause no symptoms and can go undetected for years. They might not require treatment. If treatment is needed, it depends on where the spurs are located and how they affect your health. . . . . Most bone spurs cause no signs or symptoms. You might not

realize you have bone spurs until an X-ray for another condition reveals the growths." https://www.mayoclinic.org/diseases-conditions/bone-spurs/symptoms-causes/syc-20370212. Furthermore, the radiograph of his right foot indicated "Marked degenerative disease of the first MTP joint. Tiny calcaneal spur." [DE 22-7] at p. 3.

Said otherwise, Mr. West had arthritis in his big toe joint and a tiny heel spur.

The four corners of Mr. West's Amended Complaint demonstrate that Dr. Wetterer examined him and reviewed radiologic reports. Mr. West wanted an MRI and more medication which amounts to a difference of opinion in treatment, not deliberate indifference.

### III.   CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the Complaint should be dismissed.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was E-filed with the Clerk of Court through the CM/ECF system on **February 21, 2019** and e-served by the Clerk of the Court to: Stanley W. Plappert, Esquire, The Florida Legal Advocacy Group, P.A., **Attorney for Plaintiff, Inmate, James D. West, (DC#651314)**, 1024 E. Silver Springs Boulevard, Ocala, FL 34470; Telephone: (352) 732-8030; Facsimile; (888) 399-3129; SWP@TheFloridaLegalAdvocacyGroup.com; and to Caroline Johnson Levine, Esquire, Office of the Attorney General, General Civil – Tampa, **Attorney for Defendant, Julie L. Jones, Secretary of the Florida Department of Corrections**, 501 E. Kennedy Blvd., Suite 1100, Tampa, FL 33601, Telephone: (813) 577-4571; caroline.johnsonlevine@myfloridalegal.com;deborah.mason@myfloridalegal.com; tyrell.daniel@myfloridalegal.com.

        CHIMPOULIS & HUNTER P.A.
Attorneys for Defs/ Karen Blankenship; B. Larosa, RN; Howard Wetterer, MD; Ronald Hemphill, MD; Wexford Health Sources, Inc.
150 South Pine Island Road - Suite 510
Plantation, FL  33324
Phone: (954) 463-0033 / FAX:  (954) 463-9562


        /s/ Alexander Dombrowsky
BY:   ALEXANDER DOMBROWSKY, ESQ.
       Florida Bar No.:  186260
       Email – adombrowsky@chl-law.com
       M. KATHERINE HUNTER, ESQUIRE
       Florida Bar No.:  981877
       Email – khunter@chl-law.com