UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES DARYL WEST,

      Plaintiff,

v.                                              Case No.:  2:16-cv-694-FtM-38NPM

RONALD HEMPHILL,
CARMELLO BERRIOS,
KAREN BLANKENSHIP,
H. WETTERER,
BONNIE LAROSA,
ROBERT GILBREATH,
SABRINA SCHULTZ,
DIANN SPRATT,
JULIE JONES,
WEXFORD HEALTH SOURCES,
KATHY CONNER,
KARA WILLIAMS and
JAMES LICATA,

      Defendants.
_____/

**OPINION AND ORDER**[1]

Plaintiff James Daryl West a state prisoner sued by filing a *pro se* civil rights complaint on September 8, 2016 (Doc. 1). The Court granted West *in forma pauperis* status but directed him to file an amended complaint (Doc. 12). After affording West two extensions of time, West filed his amended civil rights complaint on May 15, 2017 (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

21) with 135 pages of exhibits, including copies of grievances filed by West concerning his claims. (Doc. 22). On February 21, 2019, counsel *sua sponte* entered an appearance on behalf of West. (Doc. 149). After being represented by counsel, West requested and was granted permission to file a second amended complaint. (Doc. 163). On April 16, 2019, West filed his Second Amended Complaint, which supersedes the amended complaint and is the operative pleading. (Doc. 168, "SAC"). *Schreane v. Middlebrooks,* 522 F. App'x 845, 847-48 (11th Cir. 2013); *see also* M.D. Fla. R. 4.01(a).

The SAC consists of 25 pages, 165 paragraphs and, unlike the amended complaint, attaches no exhibits. (*Id.*). The SAC contains two counts. Count I alleges a civil rights claim under 42 U.S.C. § 1983 against all defendants for violating West's Fourteenth and Eighth Amendment rights. (Doc. 168 at 16-22). Count II alleges a Florida pendent state law negligence claim for breach of duty against all defendants. (*Id.* at 22-24). Although the SAC names the Florida Department of Corrections (DOC) as a defendant in introductory paragraphs (*see* Doc. 168 at 1, and at ¶3) and includes DOC as a defendant in both counts of the SAC (*Id.*, ¶¶ 128, 149-153), the SAC expressly sues "[a]ll defendants" only "in their individual capacity" (*see* Doc. 1 at 1), including Julie Jones, the (former) Secretary of the Florida Department of Corrections. (*Id.*, ¶ 6). West seeks compensatory damages, costs and attorney fees. (*Id.* at 25). West does not seek injunctive relief. (*Id.*).

**A. Pending Motions**

Pending before the Court are two consolidated motions to dismiss. Defendants Wexford Health Sources, Inc., Robert Hemphill, M.D., Howard Wetter, M.D., Karen

Blankenship, A.R.N.P., and Bonnie LaRosa, R.N. (collectively the "Medical Defendants"[2]) moved to dismiss under Fed. R. Civ. P. 12(b)(6). *See generally* Doc. 170. The Medical Defendants argue the SAC improperly relies on the Fourteenth Amendment, instead of the Eighth Amendment, which governs prisoners; and also point out West cites to the incorrect legal standard that governs the conditions of a prisoner's confinement, as opposed to the elements that comprise a medical deliberate indifference claim. The Medical Defendants submit the SAC fails to allege sufficient facts to sustain an Eighth Amendment claim because West fails to identify a serious medical need (the objective factor) or set forth sufficient allegations that the Medical Defendants were deliberately indifferent to West's medical need (the subjective factor). Further, Wexford maintains the SAC fails to articulate a policy or custom for liability to be attributed to it as a corporate entity. Finally, Wexford argues West is attempting to repackage his state law medical negligence claim as a simple negligence claim to avoid Florida's pre-suit notice requirement. Plaintiff filed a response to the Medical Defendant's motion. (Doc. 174)

Defendants, Mark Inch, Secretary of the Florida Department of Corrections, Julie Jones, Diann Spratt, Kara Williams, James Licata and Kathy Conner (collectively the "DOC Defendants"[3]) moved to dismiss under Fed. R. Civ. P 12(b)(6), failure to exhaust administrative remedies and qualified immunity. *See generally* Doc. 172. DOC asserts the SAC attributes liability to certain DOC defendants based upon their respective roles reviewing West's grievances. Further, DOC contends West failed to exhaust his

---

[2] The Medical Defendants point out defendant Dr. Carmello Berrios has not been served. (Doc. 170 at 1, fn. 1). As noted *infra*, Dr. Berrios elected not to waive service.

[3] The docket also indicates service was attempted upon DOC defendants Sabrina Schultz and Robert Gilbreath but neither elected to waive service.

3

administrative remedies regarding certain claims as to certain DOC Defendants. To support their failure to exhaust affirmative defense, DOC attaches a copy of the portion of the Florida Administrative Code (FAC) governing "Inmate Grievance Procedure" (Doc. 172-1), West's FDOC Inmate Grievance log (Doc. 172-2), and copies of certain of West's grievances. (Docs. 172-3, 172-4, 172-5, 172-6, 172-7, 172-8). West filed a response to DOC's motion. (Doc. 182). Notably, in response to exhaustion, West argues he need only assert that he exhausted his administrative remedies to proceed because whether West has properly exhausted his remedies is a matter for the jury. (*Id.* at 5).

Without opining on whether West has properly exhausted his administrative remedies regarding each of claims, the Court is compelled to correct West's incorrect statement of law regarding exhaustion. As a prisoner, West must avail himself and fully and properly exhaust his administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion is a precondition to suit and "is treated as a matter of abatement." *Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008). The Court engages a two-step process to determine whether a prisoner has fully and properly adhered to an institution's specified administrative procedure to exhaust each claim. *Arias v. Perez*, 758 F. App'x 878, 880 (11th Cir. 2019) (*per curiam*); *Coleman v. Bowden*, __ F. App'x __, 2019 WL 6696780 (11th Cir. 2019). In performing this two-step analysis, the Court may consider matters outside the pleadings to resolve factual disputes regarding exhaustion if the factual disputes do not decide the merits of the claim. *Bryant*, 530 F. 3d at 1376.[4]

---

[4] DOC refers the Court to its exhibits in support of exhaustion. The exhibits include a log reflecting 76 appeals West filed to the Secretary from March 5, 2010 to June 11, 2018 (Doc. 172-2 at 1-10), and copies of certain formal grievance and appeals submitted by West in 2016 and 2016. (Docs. 172-3, 172-4, 172-5, 172-6, 172-7 and 172-8). Some of these grievances relate to incidents at institutions other than Charlotte. Additionally, the

4

All defendants seek dismissal of the SAC. But since the SAC constitutes an impermissible shotgun pleading, the Court must intervene *sua sponte* and order repleader. *See Bryne v. Nexhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (abrogated on other grounds) ("[I]f in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court . . . must intervene *sua sponte* and order repleader.").

**B. Shotgun Pleading**

Federal Rules of Civil Procedure 8 and 10 set the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10(b) says "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Shotgun pleadings "fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (defining four types of shotgun pleadings). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). They "waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts." *Id.* (internal quotes and citation omitted).

---

exhibits do not appear to include all of the formal grievance and appeals West attached as exhibits to his amended complaint. (*See* Doc. 22). The Court is unable to determine exhaustion if it cannot discern the exact nature of West's claims and on what dates the claims occurred.

The Court finds the SAC is a shotgun pleading. The SAC is poorly organized and replete with conclusory allegations. *See e.g.* Doc. 168 at ¶¶ 32, 39, 45-46, 51-52, 57, 65, 77, 86, 102, 109, 121, and 126. The SAC contains several inconsistencies,[5] the allegations in the SAC are not arranged in a chronological fashion and many of allegations are too vague or fail to contain a reference date to be considered relevant to the claims. *Id.*, ¶¶ 38, 40, 41. 50. 52, 54, 57, 59-64, 74-76, 104-105. The Court has spent an inordinate amount of time rearranging the SAC's factual allegations in a chronological fashion and omitting speculative, vague and conclusory allegations in an attempt to rule on the pending motions. Despite its best efforts, the Court cannot discern whether West is attempting to bring (1) an Eighth Amendment[6] deliberate indifference claim stemming from an alleged denial of medical care; and if so, for what specific medical condition and for what specific time period; (2) an Eighth Amendment deliberate indifference claim stemming from all or certain aspects of his job assignment in food service or, because on occasion he was required to perform duties inconsistent with his restricted duty pass; or

---

[5] The SAC inconsistently states West was "incarcerated since September, 1999" and was "incarcerated on September 14, 1997." (Doc. 168, compare ¶ 21 with ¶ 23). The Correctional Offender Network indicates West's initial receipt date into DOC as September 23, 1999. Http://dc.state.fl.us/offenderSearch/detail.

The SAC also states Wexford was the healthcare provider at Charlotte Correctional from January 2016 through September 2017 (Doc. 168, ¶ 135). However, the dates in the SAC for which West claims he was seen by any of the Medical Defendants and denied medical care occurred from June 2015 through August 2015.

[6] Both Wexford and FDOC point out that West improperly predicates liability under the Fourteenth Amendment. The Eighth Amendment governs the rights of convicted persons in a medical deliberate indifference case and in a conditions of confinement case. *Snow v. City of Citronelle*, 420 F.3d 1262 (11th Cir. 2005); *Chandler v. Crosby*, 379 F.2d 1279, 1288-89 (11thCir. 2004).

(3) an Eighth Amendment conditions of confinement claim about his general working conditions in food service.[7]  West also fails to specify what acts by which particular defendant constituted negligence under Florida law.  Instead, in Count II, the SAC attributes liability to DOC and/or Wexford and "its employees" without specifying which employee.  *Id.* at 23-24.  Because the Court considers the dismissal a non-merits dismissal, the Court must allow West one opportunity to correct the deficiencies and file a Third Amended Complaint.  See *Vibe Micro, Inc.*, 878 F.3d at 1296.

Accordingly, it is now

**ORDERED:**

1.    Defendants' Motions to Dismiss (Doc. 170 and Doc. 172) are **GRANTED to the extent the Second Amended Complaint is an impermissible shotgun pleading.**

2.    The Second Amended Complaint (Doc. 168) is **DISMISSED without prejudice**.

    a. Plaintiff may file a Third Amended Complaint on or before **April 15, 2020.  Failure to file a timely third amended pleading will cause the closure of this case without further notice**.

    b. Plaintiff must serve a copy of the Third Amended Complaint on each defendant or counsel for defendant.  If a defendant is unserved, Plaintiff shall first attempt to obtain counsel for Wexford or DOC's agreement to accept service on behalf of the unserved defendant before moving the Court to have the U.S.

---

[7] Both Wexford and DOC point out the lack of clarity regarding whether West is bringing a conditions of confinement claim.  (Docs. 170 at 3; 172 at 15).

Marshal effectuate personal service under Fed. R. Civ. P 4(c)(3).[8]

3. Defendants shall have **forty-five (45) days** after service to respond to the Third Amended Complaint.

4. Plaintiff's Motion for Service by U.S. Marshal (Doc. 188) is **DENIED without prejudice**.

5. The Clerk is **DIRECTED** to administratively close this case for **ninety (90) days**. Upon reopening, the United States Magistrate Judge Nicholas P. Mizell must set this case for a preliminary pretrial conference before issuing a revised case management and scheduling order.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of March 2020.

SA: FTMP-1

Copies: All Parties of Record
The Honorable Nicholas P. Mizell

---

[8] The docket reflects Defendants Schultz, Gilbreath, and Berrios each received a request to waive personal service and elected not to waive personal service. *See* Docs. 139, 140 and 141. Consequently, the Court will not redirect service by waiver if counsel for Defendant Wexford and DOC are not willing to accept service of behalf of their respective employee(s), but instead will direct the U.S. Marshal to effectuate personal service and assess that defendant the costs of service. The administrative closure of this case does not preclude Plaintiff from moving for service under Fed. R. Civ. P. 4(c)(3) if Wexford and DOC counsel will not accept service.